## M'Cormick *against* Harvey.

A levy and sale of the undivided moiety of a tract of land, will vest that amount of interest only in the purchaser, although at the time of the levy and sale, the defendant in the execution was the owner of the entire estate.

ERROR to the common pleas of *Centre* county.

Samuel M'Cormick against Nathan Harvey.

Ejectment by the plaintiff in error who was plaintiff below, to April term 1837, brought to recover from Nathan Harvey, the defendant, a lot of land described in the writ as situate in Mill Hall, Centre county, called the Mill Hall property, on the west side of the turnpike road, adjoining land of Samuel Harvey, on the north and south by said Samuel Harvey and M'Cormick, and west by Fishing creek, with a brick house and other buildings erected on the same, containing one acre of land; also a lot of land on the east side of said turnpike road leading through Mill Hall, on which is erected a stable, containing two acres and 61 perches, it being the same land that was released and allotted to Nathan Harvey by Samuel Harvey on the 13th of March 1832.

On the trial in the court below, it appeared that in the year 1832, the defendant, Nathan Harvey and Samuel Harvey were tenants in common of a tract of land called the Mill Hall tract, then said to consist of about 60 acres. By agreement between them made in that year, the brick house and stable and lot of ground, called two acres and 61 perches, claimed in this action, were allotted to Nathan Harvey, and another adjoining lot of two acres and 12 perches, on which a tavern was erected, was allotted to Samuel Harvey. Both these premises had been included in, and were before parts of the 60 acre tract, held in common between them. In pursuance of this partition, Samuel Harvey and wife, by deed dated the 13th of February 1833, (acknowledged on the 4th of October 1833,) conveyed the undivided moiety of the brick house, stable and lot to Nathan Harvey. On the same 13th of February 1833, Nathan Harvey and wife, executed a deed to Samuel Harvey for the tavern and lot above mentioned.

On the 24th of March 1834, a judgment was obtained in the court of common pleas of Centre county, by Clark, Conover & Co., against Nathan Harvey and Samuel H. Wilson, for 277 dollars and one cent, on which a *fieri facias* was issued, and the following levy made: "Levied on lot or parcel of land situate in Bald Eagle township, Centre county, adjoining lands of Harvey, Bressler & Co., the undivided half part of about 60 acres of land, with a grist-mill, full-

ing mill, three dwelling houses, one store house, one barn, stabling, &c., with about 30 acres of cleared land, known as the Mill Hall property, as the property of Samuel Harvey." A condemnation took place, and a *venditioni exponas* was issued returnable to November term, 1835, on which the property was advertised and sold, and a sheriff's deed made to the plaintiff M'Cormick, as " the within described property, viz: the property first described, consisting of a lot of land in Bald Eagle township, adjoining lands of Harvey, Bressler & Co., the undivided half part of 60 acres, with a mill, &c., known as Mill Hall property."

The plaintiff claimed by virtue of the levy and sheriff's deed, the whole of the brick house and lot of ground owned by the defendant, Nathan Harvey; but the defendant contended, that no part of it whatever passed to the plaintiff. The court below instructed the jury, that the property in dispute was embraced by the levy and sheriff's deed, but that only an undivided moiety passed to the plaintiff, and the jury found for the plaintiff one undivided moiety or half part of the lands and tenements in the writ mentioned.

The following charge was given to the jury:

*Burnside*, president.—" The plaintiff contends, he is a purchaser at sheriff's sale of the land in dispute, as the defendant's property. Before we proceed to consider the case we will dispose of one matter. The defendant gave in evidence a notice of Saul M'Cormick, as agent of Samuel Harvey, for the defendant to deliver up the possession, as well as a letter of Samuel Harvey to the defendant, stating that he was the owner: to show that the title was out of the plaintiff. To rebut and explain this, the plaintiff has shown an article of agreement between him and Samuel Harvey respecting this property, by which a deed was afterwards to be made; there is no evidence that it ever was made. Hence the legal title being in the plaintiff of the property in controversy, if it is within the levy and defendant's deed, the plaintiff will be entitled to your verdict.

" The *venditioni exponas* follows the levy and the deed is according to the levy. The true and plain construction of this levy, is the only question in this cause. The levy is in these words:—' Levied on lot or parcel of land situate in Bald Eagle township, Centre county, adjoining lands of Harvey, Bressler & Co., the undivided half part of about 60 acres of land, with a grist mill, fulling mill, three dwelling houses, one stone house, one barn, stabling, &c., with about 30 acres of cleared land, known by the name of the Mill Hall property, as the property of Nathan Harvey.'

" The land in controversy is the 60 acres. This dwelling house is on the 60 acres. All the land in controversy is within the 60 acres. Can there be a doubt, then, but the levy includes the land in dispute? Is not the property in dispute, a part of the property known by the name of the Mill Hall property? If, then, the levy and deed includes it, the plaintiff is entitled to your verdict. Descriptions in levies are generally loose, the debtor often refuses to give a descrip-

tion; the sheriff is often ignorant and does not know how to describe property. Does not the property in question come within the general description—is it not a part of the mill property? In our judgment the levy covers it.

. "But there is another question; what interest was levied and sold? The sheriff had written on his writ, ' Levied on lot or parcel of land situate in Bald Eagle township, Centre county, &c. The undivided half part of 60 acres of land, with a grist mill,' &c. Was not this levy then on the moiety of the mill and land? We think it was, and so instruct you, and that only a moiety passed by the sale. The levy is in accordance with the general title to the premises. It is on the *undivided half part*, and only the undivided half part passed by the sale. The deed pursues the levy."

*Parsons* and *Merril*, for plaintiff in error.
*M'Allister* and *Valentine*, for defendant in error.

The opinion of the court was delivered by

SERGEANT, J.—As this writ of error is taken out by the plaintiff below, it is proper to confine our opinion to the objections taken by him to the judgment of the court. And this is, that the levy and deed embraced the whole of the defendant's interest in the brick house and two acres, claimed in this suit, and that he ought to recover the whole, and not merely an undivided moiety. I think, however, that the description in the levy cannot, according to the fair and obvious interpretation of its words, be extended further than to comprehend a moiety. Although it begins by calling it a lot or parcel of land, &c.; yet it goes on to specify the property as the undivided half part of 60 acres, &c.; meaning by the former part to describe the nature and situation of the premises; and by the latter part, the interest levied on. It does not include, as is sometimes done, all the right, title, and interest of the defendant in the property. In that case, there would have been no doubt, the whole would have passed, as the whole then belonged to the defendant, and the plaintiff might have levied on and sold the whole. A levy ought not to be forced by strained construction, beyond the natural and fair meaning of its words, where there is nothing else to explain them. The description in a levy, is ordinarily furnished by the plaintiff or his agent, who is at liberty to embrace by it whatever he may see fit, and if he chooses to use limited and restrained language, the purchaser who claims by virtue of the plaintiff's proceedings, must take the property according to the description furnished.

It has been suggested by the plaintiff, that by a levy and sale of the undivided moiety of the lot, the whole interest of the defendant, might be considered as passing to the purchaser. But that cannot be, and this point was decided in the case of Carpenter *v.* Cameron, 7 *Watts* 51, in which it was held, that a levy and sheriff's sale of

[M'Cormick v. Harvey.]

the undivided half of a tract of land, passes no more than that quantity, notwithstanding the defendant, at the time of the levy and sale, owned two-thirds of the land.    And it is there also held, that although a levy on a portion of the defendant's estate, in a tract where he owned the whole, would be within the spirit of the act of the 21st of March 1806, and might be set aside on application to the court by the defendant, before the acknowledgment of the sheriff's deed, yet the purchaser cannot object this after receiving the deed.    Indeed, the consequence of sustaining this ground, it seems to me, would be, not to give him the whole, but to arrest the sale and thus take away even the part he has recovered.

Judgment affirmed.